UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CRIMINAL ACTION NO. 05-17

UNITED STATES OF AMERICA,                                                            PLAINTIFF

v.                          **OPINION AND ORDER**

DAVID RAY HICKS,                                                          DEFENDANT

\* \* \* \* \* \* \* \*

This matter is before the Court on Petitioner David Ray Hicks' Petition for a Writ of *Audita Querela*. For the reasons given below, this petition is DENIED.

On June 23, 2005, Petitioner David Ray Hicks pled guilty to the charges of conspiracy to distribute a controlled substance, possession with intent to distribute a controlled substance, using and carrying firearms during and in relation to a drug trafficking crime, and forfeiture of assets. This guilty plea was in accordance with a plea agreement with the United States in which Petitioner waived his right to collaterally attack his guilty plea and conviction. On April 18, 2006, Petitioner was sentenced to a total of seventy-eight months' imprisonment.

On October 24, 2007, Petitioner filed a "Petition for Writ of Audita Querela." In his petition, Petitioner argued that his conviction for using and carrying a firearm during and in relation to a drug trafficking crime must be overturned because there was no evidence that he ever "used" a firearm within the meaning of 18 U.S.C. § 924. Petitioner argues that merely keeping a firearm under the seat of his vehicle while transporting controlled substances, the circumstances of his offense, cannot be considered "using" a firearm during and in relation to a drug trafficking crime. He also argues that he was induced to enter a guilty plea to his firearms offense due to ineffective assistance of counsel, that Petitioner "and his defense attorney did not

have a clear and concise understanding of how the facts cut against the government." Reply, at 2. Petitioner never attempted to bring a petition for a writ of habeas corpus within the one-year statute of limitations under 28 U.S.C. § 2255, and Petitioner acknowledges that the time to bring such a petition is now past. Petition for Writ of Audita Querela, at 1.

Petitioner is not entitled to the issuance of a writ of *audita querela*. The writ of *audita querela* is a common-law writ that affords relief only in very limited circumstances in criminal cases. It is "used to attack a judgment that was correct when rendered, but that later became incorrect because of circumstances that arose *after the judgment was issued*." *Carrington v. United States*, 503 F.3d 888, 890 n.2 (9th Cir. 2007) (emphasis added); *see also United States v. LaPlante*, 57 F.3d 252, 253 (2d Cir. 1995) (writ of *audita querela* "is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen *subsequent to the conviction* and that is not redressable pursuant to another post-conviction remedy.") (emphasis added). Where the petitioner's legal objection to his conviction centers on an issue of statutory interpretation, *audita querela* is only a possible remedy where the petitioner is "factually or legally innocent as a result of a *previously unavailable* statutory interpretation." *In re Dorsainvil*, 119 F.3d 245, 248 (3d Cir. 1997) (emphasis added).

Petitioner clearly has legal, rather than factual, objections to his conviction, as his objections turn on the appropriate interpretation of "use" of a firearm and "during and in relation to" a drug trafficking crime under 18 U.S.C. § 924. *See* Petition for Writ of Audita Querela, at 2. Petitioner claims that "by merely having a pistol under the seat of his vehicle while transporting methamphetamine, alone in his vehicle, did not actually 'use' said firearm in relation to said offense." *Id.* The government does not dispute Petitioner's description of the circumstances regarding the firearm's conveyance; it instead contends that Petitioner's actions do fulfill the

requirements of 18 U.S.C. § 924.  *See* Response, at 2.  These legal objections regarding the proper interpretation of the firearm statute were obviously available to Petitioner prior to his conviction.  Indeed, all the cases that Petitioner relies on for his interpretation of the statute were decided years before he was convicted.  This is clearly not a case in which a legal defect has arisen after the Petitioner's conviction.  The requirements for a writ of *audita querela* are therefore not satisfied by Petitioner's case.

Moreover, though Petitioner has styled this matter a "Petition for a Writ of Audita Querela," it is in actuality a petition for a writ of habeas corpus.  Petitioner claims that he was "induced" into entering a guilty plea "due to ineffective assistance of counsel," and that "his defense attorney did not have a clear and concise understanding of how the facts cut against the government."  Petition for Writ of Audita Querela, at 1-2; Reply, at 2.  The entire petition rests on a substantive legal argument about whether Petitioner's activities constituted "use" of a firearm "during and in relation" to a drug crime in the meaning of federal law.  These are all clear indications that Petitioner is actually seeking a writ of habeas corpus, rather than a writ of *audita querela*.  *See United States v. Herrera*, 216 Fed. Appx. 809, 811 (10th Cir. 2007) (when a petition asserts substantive claims to set aside a conviction, the petition is treated as one for habeas corpus, rather than *audita querela*).  Since the one-year statute of limitations for habeas corpus petitions has already expired, *see* 28 U.S.C. § 2255, habeas corpus is no longer available to Petitioner as a possible remedy.  Petitioner cannot evade the limitations period of the habeas corpus statute simply by titling his petition one of "audita querela" rather than "habeas corpus." *See Shelton v. United States*, 201 Fed. Appx. 123, 124 (3d Cir. 2006) ("For claims that are cognizable in a § 2255 motion, the writ of *audita querela* is not available.  In particular, the writ cannot be invoked in order to enable a defendant to file a § 2255 claim, but avoid complying with

the rules that govern such motions.") (citations removed). For this additional reason, the petition for a writ of *audita querela* cannot be granted.

Finally, under Sixth Circuit Court of Appeals precedent, it appears that there is also a further limitation on the availability of *audita querela* relief that would preclude Petitioner from obtaining this writ. In *Frost v. Snyder*, 13 Fed. Appx. 243, 246 n.1 (6th Cir. 2001), the Sixth Circuit stated that a writ of *audita querela* "requires satisfaction of the judgment, [and] it can only be used when the petitioner has served his or her sentence and been released from custody." *Id.* (quoting Robbins, *The Revitalization of the Common-Law Civil Writ of Audita Querela As a Postconviction Remedy in Criminal Cases: The Immigration Context and Beyond*, 6 GEO. IMMIGR. L.J. 643 (1992)). Petitioner has not finished serving the sentence imposed by this Court on April 18, 2006. It would appear that under Sixth Circuit precedent he is thus precluded from obtaining a writ of *audita querela*, even were there no other roadblocks to his obtaining the writ.

**THEREFORE**, for the reasons stated above,

1. The Petition for Writ of Audita Querela is **DENIED**.

Dated this 4th day of January, 2008.

Signed By:
*Karen K. Caldwell*
**United States District Judge**