UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CRIMINAL ACTION NO. 6:05-17

UNITED STATES OF AMERICA                                                                 PLAINTIFF

v.                                               **OPINION AND ORDER**

DAVID RAY HICKS,                                                                          DEFENDANT

* * * * * * * *

This matter is before the Court on Petitioner David Ray Hicks' Motion for Reconsideration to Alter or Amend the Court's Order of January 4, 2008, which denied Petitioner's October 24, 2007, "Petition for Writ of Audita Querela," [R. 89] and Petitioner's Motion to Strike the Response of the United States [R. 91]. For the reasons given in the Court's January 4, 2008 Opinion and Order, as well as the additional reasons given below, these Motions are **DENIED**.

The Court previously denied Petitioner's "Petition for Writ of Audita Querela" for a number of reasons, as explained in the January 4 Opinion and Order. One of these reasons was the Court's conclusion that Petitioner's "Audita Querela" petition was effectively a time-barred habeas corpus petition. Petitioner now contends that his petition "is **not** a claim of ineffective assistance of counsel, per-se, nor should this action be misconstrued to be an end run on 28 USC§2255." Motion for Reconsideration, at 1. Nothing in Petitioner's October 24 petition or his Motion for Reconsideration, however, supports his counter-argument. Indeed, in Petitioner's October 24 petition he even explicitly stated that "due to *ineffective assistance of counsel*, he was induced to enter a plea to an offense against 18 U.S.C.§924(c)(1)(A)(1)." Petition for Writ of Audita Querela, at 1-2 (emphasis added). Statements from his present motion further contradict Petitioner's counter-argument. *See, e.g.*, Motion for Reconsideration, at 1 ("Mr. Hicks *was factually innocent of 'using' a firearm . . . .*") (emphasis added); *id.* ("Mr. Hicks was *wrongfully induced by . . . his defense attorney, to plead guilty*

to something he was innocent of, as a matter of fact as well as law.") (emphasis added); *id.* ("Mr. Hicks discovered that *his defense counsel had failed to investigate the facts and law in relation to the firearm.*") (emphasis added); *id.* at 3 (comparing facts of Petitioner's case to facts of a 1997 Sixth Circuit case and alleging that the cases' factual similarity warrant reversing Petitioner's conviction). The above statements, as well as others referenced by the Court in its January 4 Opinion and Order, unmistakably demonstrate that Petitioner is bringing substantive objections both to the validity of his conviction and to the skill of his legal defense. These are quintessential matters for a habeas corpus petition, despite Petitioner's protestations to the contrary. *See United States v. Herrera*, 216 Fed. Appx. 809, 811 (10th Cir. 2007) (when a petition asserts substantive claims to set aside a conviction, the petition is treated as one for habeas corpus, rather than *audita querela*). Since the time for bringing a petition for habeas corpus has passed, Petitioner cannot obtain such relief from this Court under the guise of *audita querela*.

Petitioner argues that the Court improperly relied on cases such as *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997), and *Carrington v. United States*, 503 F.3d 888 (9th Cir. 2007), to decide whether *audita querela* relief is available to Petitioner. *See* Motion for Reconsideration, at 2. Petitioner asserts that the Court instead should have relied on the Sixth Circuit Court of Appeals' decision of *Ejelonu v. Immigration and Naturalization Serv.*, 355 F.3d 539 (6th Cir. 2004). The Court believes that it is sufficient to inform Petitioner that *Ejelonu* is a *vacated* decision of the Court of Appeals. As such, it would be inappropriate for this Court to rely on *Ejelonu*, and were the Court to do so, its decision would be subject to reversal on appeal. Additionally, the Court properly cited *In re Dorsainvil* for the proposition that, "[w]here the petitioner's legal objection to his conviction centers on an issue of statutory interpretation, *audita querela* is only a permissible remedy where the petitioner is 'factually or legally innocent as a result of a *previously unavailable* statutory

2

interpretation.'" Opinion and Order of January 4, 2008, at 2 (quoting *In re Dorsainvil*, 119 F.3d at 248); *see United States v. Richter*, 2007 U.S. App. LEXIS 27952, at *3 (2d Cir. Dec. 4, 2007) (explaining that *In re Dorsainvil* "said that the writ of *audita querela* might be available" in a situation where there is "'no other avenue of judicial review available for a party who claims that s/he is factually and legally innocent as a result of a previously unavailable statutory interpretation.'" (quoting *In re Dorsainvil*, 119 F.3d at 248)).

Moreover, every case cited by the Court in its January 4 Opinion and Order support the interrelated proposition that *audita querela* relief may only be granted where the petitioner claims some form of legal objection that arose after, but not before or during, his or her conviction. *See Carrington v. United States*, 503 F.3d 888, 890 n.2 (9th Cir. 2007); *United States v. LaPlante*, 57 F.3d 252, 235 (2d Cir. 1995); *In re Dorsainvil*, 119 F.3d at 248. Even one of Petitioner's own cases cited in his Motion for Reconsideration supports this notion. *Doe v. Immigration and Naturalization Serv.*, 120 F.3d 200, 203-04 (9th Cir. 1997) ("[I]f available at all, the writ of *audita querela* can only be available where there is a *legal* objection to a conviction, *which has arisen subsequent to that conviction, and which is not redressable pursuant to another post-conviction remedy*." (emphasis added) (internal quotation marks removed)).

Petitioner is plainly raising a legal objection to his conviction that was available to him at the time of his conviction, since his entire claim centers on the proper interpretation of the statutory terms "using" and "during and in relation to" in 18 U.S.C. § 924. As explained in the Court's January 4 Opinion and Order, this interpretation was certainly available to Petitioner at the time of his conviction since every case he cites to was decided well before his conviction date, including a case he now cites in his Motion for Reconsideration, *United States v. Milledge*, 109 F.3d 312 (6th Cir. 1997). The fact that Petitioner claims he later "discovered that his defense counsel had failed to

investigate the facts and law in relation to the firearm," does not mean that "[t]he legal objection to the § 924 conviction arose subsequent to the judgment." Motion for Reconsideration, at 1. Petitioner's arguments about the proper interpretation of 18 U.S.C. § 924 were previously available to Petitioner and his counsel. Any negligence committed by Petitioner's counsel in failing to identify and argue this interpretation before the conviction, and Petitioner's discovery of this afterwards, does not mean that this interpretation was unavailable prior to the conviction. Indeed, Petitioner's argument on this point only bolsters the Court's conclusion that Petitioner is actually asserting a habeas corpus petition, since this argument clearly implies an ineffective assistance of counsel claim.

Petitioner also claims that the recent Supreme Court case of *Watson v. United States*, 128 S. Ct. 579 (2007), supports his substantive argument that his actions did not constitute "using" a firearm within the meaning of 18 U.S.C. § 924. Petitioner claims that in *Watson*, "the Supreme Court has expanded the breadth and strength of the argument that 'use' must be proven by more than mere innuendo or supposition, by an affirmative physical act well beyond that of Mr. Hicks simply having the firearm in the vehicle." Motion for Reconsideration, at 3. *Watson* does not stand for so broad a principle as this. In *Watson*, the defendant gave twenty-four doses of oxycodone hydrocholoride to an undercover law enforcement officer in exchange for a firearm. *Watson*, 128 S. Ct. at 582. He was subsequently convicted of using a firearm during and in relation to a crime of controlled substance distribution under 18 U.S.C. § 924(c)(1)(A). *Id.* The Supreme Court reversed the defendant's conviction on the grounds that "use" of a firearm cannot reasonably be interpreted to include trading something in order to obtain that firearm. *Id.* at 582-83. Nothing like these circumstances are at all present in Petitioner's case. *Watson*'s limitation on the applicability of "use" of a firearm within the context of a barter transaction to obtain that very firearm simply does not implicate a situation like Petitioner's, where he allegedly kept a firearm under the seat of his vehicle while he transported

4

controlled substances.

Finally, Petitioner's argument that the Court's citation to *Frost v. Snyder*, 13 Fed. Appx. 243 (6th Cir. 2001), "is obviously trumped by the 6th Circuit's later and unmistakeable decision in **Ejelonu**" is incorrect for reasons mentioned earlier in this Opinion. *Ejelonu* is a vacated decision of the Court of Appeals. Reliance on the decision is therefore improper, and it cannot displace the Court of Appeals' earlier decision of *Frost v. Snyder*.

Petitioner's repeated arguments that his petition presents a proper basis for *audita querela* relief are completely devoid of legal merit. His Motion for Reconsideration to Alter or Amend is therefore **DENIED**.

Petitioner has also filed a Motion to Strike the Response of the United States, rather than choosing to file a Reply to the United States' Response within the permitted five-day filing period. Much like his Motion to Reconsider, Petitioner's Motion to Strike is totally frivolous and without any legal basis of support. Therefore, the Motion to Strike is also **DENIED.**

Dated this 11th day of February, 2008.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge